UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SYLVIA B. PIVEN, Sylvia B. Piven Trustee
under trust agreement dated April 3, 1973           07 Civ. 2878
f/b/o Sylvia B. Piven, derivatively on behalf
of ITT Corporation, et al.,                         Consolidated Cases:

                        Plaintiffs,          07 Civ. 2878 (CLB)
                                             *file in →* 07 Civ. 7358 (CLB)
      - against -

                                             *Memorandum and Order*

STEVEN R. LORANGER, et al.,

                        Defendants.
----------------------------------------------------------x

Brieant, J.

    Before this Court for decision are motions by Defendants to dismiss on various grounds, the Verified Consolidated Amended Complaint (Doc. 13) which was filed November 13, 2007 in this shareholders derivative action. The motions were argued and fully submitted for decision on January 25, 2008. Familiarity on the part of the reader must be assumed with respect to the extensive documentation filed in this case.

    The theory of the Complaint is that breaches of fiduciary duty and other violations of law by those in charge of the operations of ITT Corporation, an Indiana corporation, had caused damage to the corporation under circumstances which would support recovery of those damages from the Directors, certain Managers and others. The claims arise out of a criminal proceeding in which ITT pled guilty on March 27, 2007 in the U.S. District Court for the Western District of Virginia at Roanoke to crimes involving the willful export of United States Defense Military technology to other countries not entitled to receive it. In connection with a Plea Agreement

-1-

submitted in evidence, the Corporation agreed to pay $100 million in fines, penalties and forfeitures, and subjected itself to a Deferred Prosecution Agreement with the Government for wilful violation of the International Traffic and Arms Regulations (ITAR) and export of defense articles without a license. The Corporation also agreed to pay for the cost of an independent Monitor and staff, to assure its compliance with the Deferred Prosecution Agreement and Federal law in connection with future military technology sales.

*Demand and Refusal*

This Court concludes that on the totality of the facts as presently submitted, demand would be futile. Admissions in open court of a party are substantial evidence. This is not just a situation where "something bad happened." Wilfulness at a fairly high level is conceded in the plea agreement. Other parties in interest have made demand and the Officers and Directors have not sought recovery. More than mere negligence appears to have been involved and the experience of *Oxford Health* relied on to support the motion, hardly appears to be as analogous as claimed.

The Government began its official inquiry in 2001. Top management had considered and rejected voluntary disclosure to the Government in 2000. There appears at least sufficient evidence of conscious avoidance at high levels to prevent dismissal of the claims prior to completion of pre-trial discovery.

## Conclusion

The motions (Docs. 15 and 18) are denied. Counsel shall now proceed consistently with the Stipulated Order filed by this Court on May 22, 2007. A status conference with this Court shall be held on June 13, 2008 at 9:30 A.M. No judgment shall be filed at this time. See Rule 54 Fed.R.Civ.P.

SO ORDERED.

Dated: White Plains, New York
       April 10, 2008

                                                _____
                                                Charles L. Brieant, U.S.D.J.