UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ITT CORPORATION DERIVATIVE LITIGATION | : <br> : Case No. 07 Civ. 2878 (CLB) <br> : <br> : |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
THE DIRECTOR DEFENDANTS' MOTION TO DISMISS
THE VERIFIED CONSOLIDATED AMENDED COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs Sylvia B. Piven ("Piven") and Anthony Reale ("Reale") respectfully submit this memorandum of law in opposition to the individual defendants'[1] motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Verified Consolidated Amended Complaint for lack of subject matter jurisdiction.

Piven filed her action on April 10, 2007. Reale filed his on August 17, 2007. By Order dated September 10, 2007, this Court consolidated the Reale and Piven Actions pursuant to Fed. R. Civ. P. 42(a). On November 5, 2007, Piven and Reale filed a Consolidated Amended Complaint.

By Memorandum and Order dated April 10, 2008, this Court denied ITT Corporation's ("ITT's") motion to dismiss based on failure to make demand because (a) "demand would be futile" and (b), demand having been made, "the Officers and Directors have not sought recovery." Id. at 2.

Defendants' motion is based on the fact that both plaintiff Piven and defendant John J. Hamre ("Hamre") are each citizens of Maryland. When she filed her complaint, Piven erroneously believed defendant Hamre to be a citizen of District of Columbia. His affidavit states he is a citizen of Maryland. Because the Piven Action lacks complete diversity, she hereby advises the Court that she will voluntarily dismiss defendant Hamre

---

[1]    Steven R. Loranger, Curtis J. Crawford, Christina A. Gold, Ralph F. Hake, John J. Hamre, Raymond W. LeBoeuf, Frank T. MacInnis, Linda S. Sanford, and Markos I. Tambakeras.

from her action.[2]

Defendants' Memorandum of Law ("Br. at __") heeds this Court's admonition that "'briefs should be brief.'"   Br. at 2. Unfortunately for defendants, however, its brevity fails to make it "more persuasive."  Id.  Defendants rely on a series of inapt decisions, none of which includes two consolidated actions where one constituent action possesses subject matter jurisdiction.  As discussed below, even if Piven did not voluntarily dismiss Hamre, the Reale Action cannot be dismissed because of any infirmity in the Piven Action.

Plaintiffs do not, as defendants charge, seek to undo the over two hundred-year hegemony of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) and its progeny.  Instead, plaintiffs rely on the unbroken precedential chain running from the Supreme Court's decision in Johnson v. Manhattan Ry. Co., 289 U.S. 479 (1933). There, the Supreme Court affirmed the proposition that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Id. at 496-97.  (Footnote omitted.)

_____

        [2]    In addition, a different ITT shareholder with complete diversity intends to file, as a related action, a complaint against ITT asserting demand excusal.   Plaintiffs will then move to consolidate that action with this consolidated action.

This Circuit has consistently followed <u>Johnson</u>. <u>See</u> <u>Cole v. Schenley Indus., Inc.</u>, 563 F.2d 35, 38 (2d Cir. 1977) ("We first address the jurisdictional basis for this action. Consolidation under Rule 42(a), Fed. R. Civ. P., is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in the separate suits. . . . Rights are unaffected even though a consolidated complaint is filed. . . . <u>We must therefore consider the jurisdictional basis of each complaint separately.</u>") (Citations omitted) (emphasis added); <u>Katz v. Realty Equities Corp.</u>, 521 F.2d 1354, 1358 (2d Cir. 1975)(citing <u>Johnson</u>) (rights unaffected even though consolidated complaint filed); <u>Garber v. Randell</u>, 477 F.2d 711, 715 (2d Cir. 1973)(citing <u>Johnson</u>) (parties in one suit not parties in another). Relying on <u>Johnson</u> and <u>Garber</u>, the court in <u>In re Joint Eastern & Southern Districts Asbestos Litig.</u>, 124 F.R.D. 538 (E.D.N.Y. 1989), <u>aff'd sub nom</u>, <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281 (2d Cir. 1990), a consolidated action, refused to dismiss the viable constituent action notwithstanding the infirmity of another, holding "the consolidation ruling is simply irrelevant to our jurisdiction over [the viable] case." <u>Id.</u> at 541. The Court, therefore, should not dismiss the Reale Action because there is no jurisdictional impediment to its continuance.

3

The relevant strain of decisions, therefore, relies on Johnson, a hybrid variant of Strawbridge. Strawbridge and its progeny teach dismissal of singular diversity actions absent complete diversity. Johnson and its progeny teach not to dismiss the viable constituent action that has been consolidated with an action lacking federal jurisdiction. Reale's Action, therefore, survives even if Piven does not voluntarily dismiss Hamre.

It should be noted that, except for Cabrini Dev. Council v. LCA-Vision, Inc., 197 F.R.D. 90 (S.D.N.Y. 2000), judgment vacated, appeal dismissed by, Excimer Assocs., Inc. v. LCA Vision, Inc., 292 F.3d 134 (2d Cir. 2002), none of the decisions cited in defendants' brief involved consolidated actions. In Cabrini, which consolidated a removed action with an originally filed federal action, the court found it lacked jurisdiction over both the removed action (which it remanded), and the federally filed action. In so holding and in dismissing the federally filed action, it noted that because of the Supreme Court's Johnson decision, consolidation did not change the parties' rights. Id. at 96.

In short, in a consolidated action, "[r]ights are unaffected even though a consolidated complaint is filed" and the court "must therefore consider the jurisdictional basis of each complaint separately." Cole v. Schenley, 563 F.2d at 38. (citation omitted). There is no question that the Court has jurisdiction over the Reale Action.

4

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully submit that the Court should deny the individual defendants' motion to dismiss the Verified Consolidated Amended Complaint.

Dated: June 24, 2008

**HARWOOD FEFFER LLP**

By: _____

Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
488 Madison Avenue
New York, New York 10022
Tel. (212) 935-7400

Chairman, Plaintiffs' Executive
Committee

**ABBEY SPANIER RODD
  & ABRAMS, LLP**
Judith Spanier (JS-5065)
Orin Kurtz (OK-7334)
212 East 39th Street
New York, New York 10016
Tel.: (212) 889-3700

**PASKOWITZ & ASSOCIATES**
Laurence D. Paskowitz (LP-7324)
60 East 42nd Street
New York, New York 10165
Tel.: (212) 685-0969

**WEISS & LURIE**
James E. Tullman (JT-9597)
David Katz (DK-6235)
551 Fifth Avenue
New York, New York 10176
Telephone: (212) 682-3025

5

**JACOBS LAW GROUP, PC**
Samuel R. Simon, Esq.
1800 John F. Kennedy Boulevard,
Suite 404
Philadelphia, PA 19103
Telephone: (215) 569-9701

**Plaintiffs' Counsel**